IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William T. Coleman, # 287408, | ) | C/A No.: 0:12-1927-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| 16th Circuit Court; York County Public Defenders Office; Melissa Inzerillo, Public Defender; 16th Circuit Solicitor's Office; Jessica Holland, Solicitor, and Circuit Court Judge Lee Alfred, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

William T. Coleman ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Kirkland Correctional Institution ("KCI") in the custody of the South Carolina Department of Corrections ("SCDC"). He brings this action against several persons and entities in York County, South Carolina, alleging violations of 42 U.S.C. § 1983.[1] Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). No other viable basis for the exercise of this court subject matter jurisdiction over Plaintiff's allegations is evident from the face of the complaint.

follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff is serving a three-year sentence entered in York County on a conviction for possession of a weapon ("state court conviction"). SCDC, *Inmate Locator*, https://sword.doc.state.sc.us/scdc-public/ (last consulted October 30, 2012). Plaintiff attempts to sue the court in which that conviction was entered, his own attorney, the office in which the attorney works, the prosecutor in that case, the prosecutor's office, and the judge who presided over the case, claiming that all defendants violated his constitutional rights in connection with the prosecution against him. [Entry #1-2 at 3]. He claims that (1) he was the victim of an unreasonable search and seizure, (2) that his due process rights were violated by (a) the improper manner that his attorney presented motions to the court and tried to get him to enter a guilty plea, and (b) the manner in which the prosecutor responded to those motions and presented his charges to a grand jury, and (3) by the trial judge's rulings on his speedy trial motion and motion to dismiss. *Id*. at 9–13. According to Plaintiff, he was indicted late, rushed to trial, subjected to poor legal representation, and convicted of charges of which he is innocent. *Id*. He asks this court to grant him injunctive relief, to award him damages, and to set aside his state court conviction. *Id*. at 14. Plaintiff's complaint is silent about whether he appealed or otherwise challenged his state court conviction. *Id*.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

Plaintiff seeks to recover damages from a prosecutor, a judge, and a public defender, as well as from their respective "offices." Plaintiff's complaint contains no allegations that any of the convictions that resulted from the contested search and seizure have been overturned or set aside through a successful appeal, post-conviction relief application, or federal habeas corpus petition. The allegations of wrongdoing that Plaintiff makes against Defendants are serious enough that, if true, they would invalidate the conviction ultimately entered against him. However, in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Specifically, the *Heck* Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87; *see also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgment). It is well-settled that *Heck* also applies to cases where relief other than damages are requested. *See, e.g.*, *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).

A favorable determination on the merits of Plaintiff's claims in this § 1983 action would necessarily imply that his state court conviction is invalid. Therefore, because Plaintiff has neither demonstrated nor alleged that he successfully challenged the lawfulness of his state court conviction, his allegations that his constitutional rights were violated during the court process should be dismissed because a right of action has not accrued.[2]

Moreover, to the extent Plaintiff seeks immediate release from prison through reversal of the York County judgment of conviction, release from prison is not available in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475,

---

[2] The limitations period will not begin to run until the cause of action accrues. See *Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *adopted by* 2010 WL 2722992 (D.S.C. July 9, 2010).

5

487–88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus). Plaintiff is not foreclosed from raising his claims of unreasonable search and seizure, improper procedural rulings, and attorney/client conflict on direct appeal to state appellate courts and/or the post-conviction relief court.

III.    Conclusion

For the foregoing reasons,[3] it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

October 30, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] Each defendant may be subject to dismissal on additional grounds, such as judicial immunity, prosecutorial immunity, and lack of state action. However, because the holding in *Heck* is dispositive of the issue, the undersigned has not addressed each basis for dismissal.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).